ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 6, 2003

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0031

Re: Whether a school district employee who is also a city council member may participate in matters regarding the school district that come before the council (RQ-0600-JC)

Dear Ms. Yenne:

As District Attorney of Brazoria County, you ask whether an employee of the Alvin Independent School District, who is also a member of the Alvin City Council, may vote on issues that come before the city council involving the Alvin Independent School District.[1] In particular, you ask whether Local Government Code chapter 171, which addresses conflicts of interest involving local public officers, would bar the city council member from participating in the city council's action on such issues. *See* Request Letter, *supra* note 1, at 1.

Chapter 171 of the Local Government Code prohibits a local public official, including a city council member, from participating in a vote on certain matters involving a business entity or real property in which the official has a substantial interest. *See* TEX. LOC. GOV'T CODE ANN. § 171.004 (Vernon 1999); *see also id.* § 171.001(1). A person has a "substantial interest" in a business entity if funds received from it exceed ten percent of that person's gross income for the previous year. *See id.* § 171.002(a)-(b). If a city council member has a substantial interest in a business entity and it is reasonably foreseeable that city council action on the matter would confer an economic benefit on the business entity, the individual must disclose his or her interest in the business entity and abstain from further participation in the matter. *See id.* § 171.004(a).

You ask whether a school district is a business entity as defined by Local Government Code section 171.001(2). *See* Request Letter, *supra* note 1, at 1. Chapter 171 defines "[b]usiness entity" as "a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." TEX. LOC. GOV'T CODE ANN. § 171.001(2) (Vernon 1999). Prior opinions of this office have concluded that certain public entities are not business entities for purposes of chapter 171. For example, this office concluded in Attorney

---

[1]Letter from Honorable Jeri Yenne, Criminal District Attorney, Brazoria County, to Honorable John Cornyn, Texas Attorney General (Aug. 26, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

General Opinion No. JM-852 (1988) that a state institution of higher education was not a business entity as defined by section 171.001(2). *See* Tex. Att'y Gen. Op. No. JM-852 (1988) at 3. The opinion pointed out that the statutory definition of business entity specifically describes several types of endeavors that constitute profit-making activities, such as providing goods, services, or financing. *See id.* It construed the phrase "or any other entity recognized by law" in the definition of business entity according to the rule of *ejusdem generis*. *See County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978). This phrase, a general term following specific words in a statutory enumeration, was construed to include only items similar in nature to those enumerated by the specific words. *See* Tex. Att'y Gen. Op. No. JM-852 (1988) at 3. The opinion concluded that a state university was not a business entity within section 171.001(2) of the Local Government Code because it was a public rather than a private entity.

Attorney General Opinion DM-267 (1993) relied on Attorney General Opinion JM-852 to conclude that a city was not a business entity within Local Government Code section 171.001(2). *See* Tex. Att'y Gen. Op. No. DM-267 (1993) at 2. A city is a political entity or subdivision that carries out local governmental purposes, rather than a private entity.

We conclude on the basis of Attorney General Opinions JM-852 and DM-267 that a school district is not a business entity within Local Government Code chapter 171. Under Texas law, school districts are public corporations of the same general character as cities, towns, and municipal corporations. *See San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex. 1996). Accordingly, employment with the Alvin Independent School District is not an interest in a business entity for purposes of Local Government Code chapter 171, and a member of the Alvin City Council who is a school district employee is not barred by chapter 171 from discussing and voting on issues involving the school district that come before the city council.

In view of our conclusion that a school district is not a business entity as defined by Local Government Code section 171.001(2), we need not answer your questions about the further application of chapter 171 to the city council member.

## S U M M A R Y

A school district is not a business entity within chapter 171 of the Local Government Code, which pertains to conflicts of interest involving local public officers. Thus, a school district employee who is also a city council member is not barred by Local Government Code chapter 171 from discussing and voting on issues involving the school district that come before the city council.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee